IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORIS ANNETTE ALLEN,     Plaintiff, | § § § | |
| v. | § § | CIVIL NO. 3:15-CV-3949-N-BK |
| JUDGE NORRIS STRETCH,     Defendant. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Plaintiff's *pro se* complaint was automatically referred to the United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be dismissed for want of jurisdiction.

**I. BACKGROUND**

Plaintiff vaguely asserts due process and civil rights violations stemming from a forcible entry and detainer action to evict tenant Undra Shepow, heard by Justice of the Peace Norris Stretch. Doc. 3 at 2-3. Although Shepow was evicted by order filed on November 16, 2015, Plaintiff maintains that the Justice of the Peace erred in permitting Shepow's ex-wife to remain on the premises. Doc. 3 at 2-3. Plaintiff avers that her original writ sought the eviction of Shepow and all occupants, but that the writ was subsequently modified (apparently without Plaintiff's permission) to provide only for Shepow's eviction. Doc. 3 at 2.

**II. ANALYSIS**

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of

any federal action.  *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over civil right claims, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).  By virtue of the *Rooker-Feldman* doctrine,[1] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691).  Moreover, errors in state cases should be reviewed and settled through the state appellate process.  *Rooker,* 263 U.S. at 415.  The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions.  *Weekly*, 204 F.3d at 615.

Here, Plaintiff's claims, when "stripped to essentials, [are] an attack on the judgment of the state [court]" in the forcible entry and detainer action before the Justice of the Peace. *Liedtke,* 18 F.3d at 318.  Determination of Plaintiff's allegations would require the Court to review the state court's November 16, 2015 order evicting Shepow, which this Court "may not

---

[1] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

do." *Feldman*, 460 U.S. at 482 n. 16. Plaintiff's action is, thus, "'inextricably intertwined'" with the state forcible entry and detainer proceeding. *Liedtke*, 18 F.3d at 318. Consequently, the only recourse for Plaintiff is through the state courts. Thus, this action should be dismissed for want of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend the complaint prior to dismissal. See *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, the Court lacks jurisdiction over Plaintiff's claim. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

SIGNED December 14, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE